IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA LAMBERT,       ) | |
|     Plaintiff,       ) | |
| ) | |
| v.       ) | CIVIL ACTION: 18-00005-KD-B |
| ) | |
| GMA INVESTMENTS, LLC, *et al.*,       ) | |
|     Defendants.       ) | |

**ORDER**

This matter is before the Court on Plaintiff's "Notice of Voluntary Dismissal as to Doe 1-5." (Doc. 13).  Specifically, Plaintiff seeks to dismiss the action under Rule 41(a), as it relates to her claims against the fictitious parties, Defendants Doe 1-5.  While not specified, it appears that Plaintiff seeks dismissal of the fictitious defendants under Rule 41(a)(1)(2) of the Federal Rules of Civil Procedure as a dismissal -- without court order -- "before the opposing party serves either an answer or a motion for summary judgment."  At the outset however, fictitious party practice is not generally permitted in federal courts. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).[1]  Additionally, the fictitious defendants have not even been served.  Upon consideration, it is **ORDERED** that the fictitious defendants are instead **STRICKEN** from Plaintiff's Complaint, rendering Plaintiff's Notice (Doc. 13) **MOOT.**

    **DONE** and **ORDERED** this the **22nd** day of **March 2018.**

                                            /s/ Kristi K. DuBose
                                            **KRISTI K. DuBOSE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] A limited exception exists where "plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." Id. The exception does not appear to apply and Plaintiff has not asserted as such.

1